**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MACKIE STEVEN MAY, # 71225**                                              **PETITIONER**

**VERSUS**                                              **CIVIL ACTION NO. 2:13cv39-KS-MTP**

**UNITED STATES OF AMERICA**                                              **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

BEFORE THE COURT are *pro se* Petitioner Mackie Steven May's Petition for Writ of

Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 and Memorandum in Support [2].  He is

incarcerated with the Mississippi Department of Corrections ("MDOC") and is subject to a

federal detainer.  He complains that Respondent United States of America should (1) take him

into custody and (2) give him credit for the time he spends in State custody, so as to give effect

to the State court Order that his State sentences run concurrently with the federal sentence.  For

the reasons set forth, this case is dismissed without prejudice for failure to exhaust administrative

remedies and as not ripe for judicial review.

**BACKGROUND**

According to the Petition, May is currently incarcerated at the South Mississippi

Correctional Institution in Leakesville, Mississippi.  He signed the Petition and Memorandum on

January 30, 2013.[1]  They were mailed by Melissa May on February 26, from Lake, Mississippi.

The Court received the documents on March 4.

In 1999, May pled guilty in the Jackson Division of this Court to being a felon in

---

[1]The Petition was signed and sworn to at the end of the exhibits to the Memorandum.
(Dkt. 2-1 at 73-74).  May attached the verification there, because he inadvertently failed to sign
it in the body of the Petition.  *Id.*

possession of a weapon.  *United States v. May*, No. 3:99cr73-WHB-1 (S.D. Miss.).  On November 19, 1999, District Judge William H. Barbour, Jr., sentenced May to 54 months imprisonment and remanded him to the custody of the United States Marshal.

In February of 2000, May alleges the United States Marshal Service turned him over to Mississippi, so he could be tried on State charges.  On February 15, he was convicted by a Scott County jury of possession of methamphetamine and he was sentenced to serve 14 years, without parole, in the custody of MDOC.  A mistrial was declared on Count I manufacturing, and Count II attempted manufacturing, of methamphetamine within 1500 feet of a school.  Four months later he pled guilty to Counts I and II, on the condition that the State sentences would run concurrently with his federal sentence.  He was sentenced to fifteen years without parole on each Counts I and II.  The resulting State court order, however, was ambiguous on how the sentences would run.

May alleges that he remained in MDOC's custody.  In 2008, the Marshal Service filed a detainer with MDOC.  It acknowledged the detainer and informed the federal authorities that he would be released on April 5, 2013.

In 2012, May contends he was successful on Post Conviction Relief in having the State court clarify that all sentences were to run concurrently with each other and the federal sentence.  However, the Bureau of Prisons ("BOP") would not take May into custody.  On January 23, 2013, the State court ordered that May "**HAS NOW COMPLETED HIS [state] SENTENCE** . . . and [the court] enters this judgment to enable FBOP to immediately take custody of" May. (Ex. J at 1-2).

This Petition soon followed.  May requests federal custody to begin and his federal

sentence be credited so that he will not be imprisoned past April 5, 2013.  This, he claims, would

be fourteen years of total incarceration, giving effect to the concurrent nature of all sentences.  In

closing, he declares, "I will notify this Court within 10 days of my transporting to Federal BOP

first part of Feb[r]uary 2013."  (Pet. at 10).

## DISCUSSION

May challenges the execution of his future federal sentence.  He wants to be (1) taken

into federal custody and (2) given credit on his federal sentence for the time served in state

custody.

Such challenges are properly brought in a Section 2241 habeas action.  *Pack v. Yusuff*,

218 F.3d 448, 451 (5th Cir. 2000).  The Attorney General of the United States, through the BOP,

is responsible for executing and calculating the federal sentence.  *Pierce v. Holder*, 614 F.3d

158, 160 (5th Cir. 2010).  Therefore, as a general matter, May must exhaust his administrative

remedies with the BOP before proceeding on this writ of habeas corpus.  *Rourke v. R.G.*

*Thompson*, 11 F.3d 47, 49 (5th Cir. 1993).

May alleges he and his state trial attorney both contacted the BOP requesting that May be

taken into federal custody.  He admitted, however, that the BOP would take him into custody a

week after he signed the Petition.  This issue is therefore moot.

With regard to the calculation of his federal sentence, May presents no evidence that he

gave the BOP an opportunity to consider this issue.  Therefore, this issue is not exhausted.

Exhaustion, however, will be excused "where the available administrative remedies

either are unavailable or wholly inappropriate to the relief sought, or where the attempt to

exhaust such remedies would itself be a patently futile course of action.  However, exceptions to

the exhaustion requirement apply only in 'extraordinary circumstances,'. . . ." *Fuller v. Rich*, 11

F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1188 (5th Cir.

1992)).  The Court recognizes that the Petitioner *may* not be able to proceed through the BOP

administrative review process until he is physically within a BOP facility; however, this does not

provide extraordinary circumstances waiving exhaustion.  *Holiday v. Hetzel*, No. 2:12cv529-

TMH, 2012 U.S. Dist. LEXIS 124673 at *7 (M.D. Ala. July 18, 2012); *Brown v. United States*,

No. 2:09cv172, 2009 U.S. Dist. LEXIS 129953 at *2 (S.D.W.Va. Nov. 18, 2009) (finding habeas

request by inmate in state custody challenging the way he believes BOP will calculate his federal

sentence at some future date to be premature and unexhausted); *Miller v. Burt*, No. 3:06cv2755-

TLW-JRM, 2007 U.S. Dist. LEXIS 61916 at *3-4 (D.S.C. Aug. 21, 2007); *Staley v. Wallace*,

No. 07-C-179, 2007 U.S. Dist. LEXIS 15545 at *3 (E.D. Wis. Mar. 5, 2007); *Kegley v. United

States*, No. 01-CR-62-C-01, 2003 WL 23164514 at *1 (W.D. Wis. 2003) ("If petitioner cannot

exhaust his remedies until he is actually in federal custody, he will have to wait until he has

served his state sentence and has been transferred to federal custody to begin exhaustion

process.")

      Moreover, until the BOP makes a calculation on the federal sentence, the issue is not ripe

for review.  *Ben v. Mukasey*, No. 7:08cv163-O, 2008 U.S. Dist. LEXIS 103442 at *5 (N.D. Tex.

Dec. 18, 2008).  It may be that, when given the chance to calculate the federal sentence, the BOP

agrees with May, or even calculates an earlier release date.  Until the BOP disagrees with him,

there is no case or controversy, and any opinion given by the Court would be advisory only.

      For these reasons, the Court finds the issue is unexhausted and not ripe for judicial

review at this time.  The Petition will be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Petition for Writ of

Habeas Corpus [1] pursuant to 28 U.S.C. § 2241 should be and is hereby **DISMISSED**

**WITHOUT PREJUDICE**.  A separate final judgment shall issue pursuant to Federal Rule of

Civil Procedure 58.

      **SO ORDERED**, this the 12th day of March, 2013.

                *s/ Keith Starrett*
              UNITED STATES DISTRICT JUDGE